IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.: 5:11cr22/RH/GRJ
                                                 5:16cv73/RH/GRJ

DERRYL LEE SULLIVAN
     Reg. No. 21058-017

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's Motion under 28
U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in
Federal Custody and supporting memorandum of law.  (ECF No. 46.)  Rule
4(b) of the Rules Governing Section 2255 Proceedings provides in part
that "[i]f it plainly appears from the face of the motion and any attached
exhibits and the record of prior proceedings that the moving party is not
entitled to relief, the judge must dismiss the motion and direct the clerk to
notify the moving party."   After a review of the record, the Court concludes
that the motion is untimely and therefore it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Petitioner Sullivan pleaded guilty to two child-pornography offenses
for which he was sentenced to a term of 97 months imprisonment.

Judgement was entered in January of 2012, and Sullivant did not appeal. In 2015, Sullivan moved for relief under 8 U.S.C. § 3742(a), asserting that his sentence was illegal.  (ECF No. 29.)  The Court denied the motion, as well as a subsequent request for leave to appeal in forma pauperis.  (ECF Nos. 30, 39.)  Sullivan then moved for leave to take a direct appeal three years after entry of judgment, which the court also denied.  (ECF Nos. 38, 40.)

According to Petitioner, he obtained a copy of his case file from his attorney in January of 2016. (*see* ECF Nos. 42–45.)  After obtaining the file he has now filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 46.)

Sullivan contends that his conviction and sentence were obtained in violation of Due Process due to various perceived errors or omissions by the Court.  Second, Sullivan says that his retained attorney, Charles Bennett Bollinger, III, provided constitutionally inadequate representation in a number of respects.  (ECF No. 46.)

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Sullivan's judgment of conviction is dated January 5, 2012.  (ECF No. 24.)  Because Sullivan did not appeal, his conviction became final when the time for doing so expired.  Petitioner claims that his motion is timely filed under 28 U.S.C. § 2255(f)(4) because "he has only just recently, in the last 180 days, discovered through diligent self study of his case and applicable law that his conviction is unconstitutional."  (ECF No. 46 at 12.)

Unless Sullivan establishes his entitlement to equitable tolling, his motion is time barred.  *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the

defendant's] control and unavoidable even with diligence."  *Johnson v.*

*United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't*

*of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*,

177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant

seeking equitable tolling bears the burden of establishing two elements: (1)

that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way."  *Holland v. Florida*, 560 U.S.

631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097,

1100 (11th Cir. 2012).  It only applies in "truly extraordinary

circumstances."  *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at

1039–40; *Drew*, 297 F.3d at 1286).  The onus is on the moving defendant

to show that he is entitled to this extraordinary relief.  *Johnson*, 340 F.3d at

1226, *Jones,* 304 F.3d at 1040.  The court will not relieve a petitioner who

has sat upon his rights.  *United States v. Cicero*, 214 F.3d 199, 203 (D.C.

Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir.

1999)).  There is nothing in the instant motion to support a finding that

Sullivan is entitled to invoke the doctrine of equitable tolling and proceed

with a § 2255 motion that he did not file until more than four years after his

conviction became final.  As such, the motion should be summarily dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The motion to vacate, set aside, or correct sentence (ECF No. 46) should be summarily **DENIED and DISMISSED** as untimely.

2.      A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 7th day of March, 2016.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.